The opinion of the Court was delivered by
Johnson, J.
It has been conceded, in the argument of the case, that *319 the 4th section of the Act of Incorporation, giving to the City Council,[1] “ full power and authority to make such assessment on the inhabitants of Charleston, or those who hold taxable property within the same, for the safety, convenience, benefit and advantage of the City, as shall appear to them, expedient,” invests them with the same powers to impose taxes on legitimate subjects of taxation, as the State itself possesses, under the Constitution of the State, and the United States; and it only remains to be inquired, whether United States Bank stock, in the hands of an individual, is a legitimate subject of taxation.
I take it to be generally true, that whatever appertains to the persons of the citizens, over whom, or over whose property, the supreme authority has a control, is a legitimate subject of taxation, unless it be exempted by a superior authority. Thus we see houses, lands, slaves, cattle, stock in trade, money at interest, professional income, and all the long list of property and interest, are so considered ; and it cannot be doubted that United States Bank stock falls within the class of legitimate objects of taxation ; and it was incumbent on the plaintiffs to show that it was exempted* by an authority superior to that of the City Council. It has been attempted to be demonstrated by the following view of the subject.
1. It was contended, that Congress had authority under the Constitution of the United States, to establish a bank, and, necessarily all the powers requisite to carry it into effect; and that the exercise of the right of taxation, by any other power, is incompatible with that authority, as it might be carried to an extent which would defeat the object of its establishment.
2. That the United States Bank stock held by the plaintiffs, must be regarded as being located at the mother bank, although there be a branch here, and although the plaintiffs may receive their dividends here ; and therefore not within the power of the City Council.
1. It is not proposed, nor is it necessary, to enter into the question formerly much contested, whether under the Constitution of the United States, Congress had or had not the power to establish a National Bank ; nor will it be denied, that the exercise of the right of taxation over it, as a bank, would be incompatible with that power ; or that the stock held by the United States is for that reason exempted. But with all these admissions, it appears true, that the conclusion drawn from the first view of the subject does not necessarily follow; and to demonstrate that it does not, it will only be necessary to examine into the nature of the property which the stockholder has in the stock. Though bound together by a union of funds and a community of interests, the stock of each member, of whom the United States constitutes one only, the property which each possesses, in it, is wholly distinct, and independent of the others, and in no manner dependent on, or connected with, them, further than the losses or profits of the one is measured by those of the others, in consequence of the community of their interest. It does not therefore follow, that if the interest of the United States in the bank, or the bank itself, in respect thereof, is exempted from taxation, that the interest of an individual, in no wise connected* with, or under its control, shall be also exempted.
*320 But it is said the right of taxation might have the effect of driving the stock without the city, if exercised to an extent beyond the profits arising therefrom, and upon the same principle, without the State, and even without the United States. Be it so. If policy or necessity require that it should be driven out of the city, it may find a market beyond Boundary street; and if without the State, it may find a market in the neighboring States ; and if without the United States, it may find it abroad. The answer to it is, that if Congress thinks proper to establish a bank, on other funds than its own, it does not possess the power of compelling any individual to purchase the stock, but must send it into the market, and where individuals find it to their interest to participate. So that, in truth, the case does not present a question as to the exercise of inconsistent powers between the State authority' and the United States, but between the State and its citizens, or, in other words, whether the State authority has a right to draw on the sources of the wealth of its citizens to support and defray the expenses of the government ? And if the position, that all of them are legitimate subjects of taxation, unless expressly exempted, there can be no question that United States Bank stock is included.
Connected with this subject, an argument was founded on the position that the bank constituted one of the component parts of the fiscal departments of the United States, and was therefore exempted from taxation. I think it has been before shown, that the interest of the United States and the individual stockholders are distinct and independent. Admitting therefore, that it might be so considered, in relation to the United States, the reasons before given demonstrate that the same protection is not intended to the individual.
2. Having before, as I think, clearly established the position, that all sources °f wealth and income are the legitimate subjects of taxation, when either the person of the possessor, or the thing itself, is within the power of the authority imposing it, it is sufficient to remark on this branch of the subject, that when the person, and not the thing, is within the reach of the authority imposing it, it must be considered as a tax imposed on the person in respect of the thing ; and I am not sure that every tax ought not be so considered, so that from whatever source the thing arises, it is a fit object of taxation.
The policy of this ordinance does not fall within the judicial sphere of a court of justice; it belongs to them only to expound the law. But if I were allowed an opinion on the subject, I think it very questionable whether the unlimited exercise of the power might not have the effect of driving from the city a great proportion of its mercantile capital, and necessarily all the advantages arising from the dividends. This, however, is a matter for the consideration of the Council, and they will no doubt act upon it as policy and convenience may dictate.
I am of opinion that the motion ought to be granted.
Oolcock, and Gantt, JJ., concurred.

 7 Stat. 98.